## Mikhail Kazimirovich YANKELEVICH, Petitioner,

v.

## John ASHCROFT, Attorney General, Respondent.

### No. 02–71653.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 24, 2004.

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Seattle, WA, Marshall Tamor Golding, Esq., William Campbell Erb, Jr., Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, LEAVY and FISHER, Circuit Judges.

### MEMORANDUM **

Mikhail Yankelevich, a native and citizen of the Russia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition for review.

Yankelevich's challenge to the BIA's summary affirmance procedure is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–50 (9th Cir.2003).

Substantial evidence supports the IJ's determination that Yankelevich fails to establish that the persecution he alleges is on account of his political opinion or nationality. *See Sangha v. INS*, 103 F.3d 1482, 1487–88 (9th Cir.1997) (holding that

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the petitioner established persecution in the form of attempted forced recruitment, violence and death threats, but failed to establish that it was on account of his political opinion); *Molina–Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir.2001) (recognizing that purely personal retribution is not persecution on account of political opinion).

By failing to qualify for asylum, Yankelevich necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.